(79 App. Div. 495.)

## In re TURNER.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1903.)

1. GUARDIAN AND WARD—ACCOUNTING OF ADMINISTRATOR—PARTIES—CONCLU-SIVENESS.

On the death of a guardian of a minor, who was also the executor of the minor's father, T. was appointed administrator with the will annexed; and guardian of the minor's estate, and A. was appointed administrator of the deceased guardian and executor. A judicial accounting of the acts of the deceased executor was had, at the instance of T., before the surrogate; and the accounts of A., as his administrator, were settled by a surrogate's decree. *Held* that, the ward being a party to such settlement by his guardian, he was bound by the decree, and that the matters involved could not be resettled on the final accounting of T. as guardian of the minor.

2. SAME—INFANT'S REAL ESTATE—SALE—ACCOUNTING—REVIEW.

Where the value of machinery as personal property of an infant was adjudged by order of the county court in a proceeding to sell an infant's real estate, such determination cannot be reviewed on the final accounting of the infant's guardian.

3. SAME

Where, on the death of an infant's testamentary guardian in F. county, his mother moved with the infant to H. county, where she was appointed guardian of his person, and T. was appointed guardian of his estate, and the infant was not made a party to an accounting before the surrogate of F. county of the affairs of the deceased guardian, had in a proceeding between T. and the guardian's administrator, the ward was not bound by such accounting.

Williams, J., dissenting.

Appeal from surrogate's court, Fulton county.

Judicial accounting by Watson Turner, as guardian of the estate of Earl M. Pinckney. From a judgment sustaining objections to the account, the guardian appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, HISCOCK, and NASH, JJ.

Eugene E. Sheldon, for appellant.
George W. Ward, for respondent.

NASH, J. This is an appeal from the decree of judicial settlement of the accounts of Watson Turner, as the guardian of the property of his ward, Earl M. Pinckney, who had attained his majority. The property of the minor consisted of real and personal estate devised and bequeathed to him by his father, Abram D. Pinckney. Abram D. Pinckney died July 14, 1888, a resident of Fulton county. His will was admitted to probate in the surrogate's court of Fulton county. Letters testamentary thereon were issued to Jeremiah S. Austin, sole executor named in the will, and he was appointed by the same court guardian of the property of Earl M. Pinckney, then a minor 10 years of age. January 27, 1891, Jeremiah S. Austin was killed; not having accounted for his trust either as executor or guardian. On the 23d of September, 1891, Earl M. Pinckney having become a resident of Herkimer county, his mother was, on her petition, appointed guardian of his person, and Turner guardian of his property, by the surrogate's court of Herkimer county. On October 27, 1891, Turner was

appointed by the surrogate's court of Fulton county administrator with
the will annexed of Pinckney. After the death of Jeremiah S. Austin,
James B. Austin was appointed his administrator by the surrogate's
court of Fulton county, and upon the petition of Turner as adminis-
trator of Pinckney, filed February 10, 1892, he was cited to account be-
fore the surrogate's court of Fulton county for the property which
came into the hands of Jeremiah S. Austin as executor of the will of
Pinckney, unaccounted for and unadministered at the death of Austin.
In the month of December, prior to the filing of his petition, Turner
and Austin met for the purpose of examining the accounts of Austin as
administrator and guardian, and Turner, with the advice and assistance
of counsel, spent two days examining the accounts and vouchers of
Jeremiah S. Austin as executor of Pinckney and as guardian of Earl
M. Pinckney, and upon such accounting the total receipts of Jeremiah
S. Austin as executor and guardian were ascertained to be $3,633.43, of
which, as guardian, he was charged with $650 (three years' rent of his
ward's real estate), and his disbursements were ascertained to be $2,415,
of which two sums were allowed to the deceased executor as having
been paid out as guardian, as follows: $335 to the mother for the care
of the minor, and $20 for his care while at the executor's. Subse-
quently, after the return of the citation to account served upon Austin,
the parties went before the surrogate and reviewed their whole pro-
ceeding, and thereupon reduced to writing their settlement of the
accounts of Jeremiah S. Austin as executor of the will of Pinckney
and as guardian of his ward; and the same was signed and ac-
knowledged by Turner before the surrogate, and filed as an account-
ing and settlement of the accounts of Jeremiah S. Austin as such
executor and guardian, except as to some items upon which they
had been unable to agree, and which, in their writing, were excepted
from such settlement, and as to which proof was taken by the surro-
gate, after which, and on May 2, 1892, the surrogate's court made
its decree settling the accounts of James B. Austin as administrator,
etc., of Jeremiah S. Austin, deceased, for his acts as executor of
the will of Abram D. Pinckney, deceased, in which decree it was
recited that on March 7, 1892, the parties appeared with their re-
spective counsel, and in open court proceeded to settle the matter
of the trust of the deceased executor, which proceeding was con-
tinued until the 8th of March, and on that day, the said Austin and
Turner agreeing in the main upon said accounting, a statement and
stipulation in settlement and release were made and filed, which re-
mained of record in the surrogate's office as part of the proceeding,
to which the court expressly referred, and made the same a part of
its decree, and thereupon expressly found, as matter of fact, that
on the 8th day of March, 1892, James B. Austin did account to
Turner, as administrator of Pinckney, for all the acts and adminis-
tration of the deceased executor, and had turned over to Turner all
the property of the estate of Pinckney with which the estate of the
deceased executor was chargeable, except certain items of the decree
mentioned, for which it was claimed by Turner that Austin, as ad-
ministrator, was liable; and the proceeding having been adjourned
to that day (May 2d), and the surrogate having heard the testimony,

and the arguments of the parties and their respective counsel, it was adjudged and decreed by the court that Austin, as administrator, had fully accounted for the administration of the deceased executor for the trust committed to his care as executor of the will of Pinckney, to Watson Turner as administrator with the will annexed of Pinckney, excepting as to the sums determined by the surrogate, and that, upon filing proof of payment thereof, the estate of Jeremiah S. Austin be discharged from all further liability. Thereafter Turner had a judicial settlement of his accounts as administrator with the will annexed of Pinckney in the surrogate's court of Fulton county, in which this respondent was made a party, duly served with citation, and jurisdiction acquired by the appointment of a special guardian, who appeared for him on such judicial settlement; and the decree of the court was made thereon, adjudging that said Watson Turner had fully accounted for all moneys and property of the estate of Abram D. Pinckney, deceased, and that he pay over the amount adjudged in his hands as such administrator to the guardian of Earl M. Pinckney. These decrees of the surrogate's court of Fulton county were binding and conclusive upon the respondent, whose interest as legatee was represented on the accounting of Austin by Turner as the legal representative of the estate of Abram D. Pinckney, and who was made a party to the judicial settlement of the accounts of Turner, as administrator of the estate of Abram D. Pinckney, as to all matters over which the surrogate's court of Fulton county had jurisdiction, and which were included in the accounts thus judicially settled— expressly made so by the provisions of the Code of Civil Procedure. A judicial settlement of the account of an administrator or executor is conclusive evidence against all the parties who were duly cited or appeared, and all persons deriving title from any of them, of the facts stated in the subdivisions of section 2742, among which are items allowed to the accounting party for money paid to creditors for necessary expenses and for his services; that the accounting party has been charged with all the interest for money received by him, and embraced in the account, for which he is legally accountable; that the money charged to the accounting party as collected is all that was collectible on the debts stated in the account; and that the allowances made to the accounting party for the decrease, and the charges against him for the increase, in the value of property, were correctly made. These practically cover the entire administration of an estate. It was therefore error for the court below to take proof on the accounting of Turner as guardian, and resettle matters involved in and covered by the account of Austin as administrator of the deceased executor, or of Turner as administrator of the estate of Pinckney.

It was also error for the court below to take proof and charge the appellant with the value of the machinery as personal property, sold by order of the county court of Fulton county as fixtures, in the proceeding to sell the infant's real estate. That question was settled and adjudged by the order of that court in that proceeding, and therefore conclusive.

While the surrogate's court of Fulton county had jurisdiction to settle the accounts of Jeremiah S. Austin as guardian of the respond-

ent, and his accounts as guardian were included in the voluntary settlement had by and between his administrator and the appellant, and in the decree of the surrogate, still, the respondent not being made a party to the accounting before the surrogate, he was not concluded. But the only item with which Jeremiah S. Austin appears to have been chargeable as guardian was the rent of the infant's real estate to the time of that accounting—a period of three years—for which Austin, as administrator, charged himself in his account with the sum of $650. The court below, upon the proofs, finds the value of the infant's real estate for that period the same as allowed by Austin in his accounting with the respondent. The only items of credit allowed to Jeremiah S. Austin as guardian were $335 paid to the mother for the support of the respondent, and $20 for his care by the deceased executor, both of which, upon the proofs, should be allowed.

The greater part, by far, of the record on this appeal, is made up of the proceedings and evidence taken on this accounting regarding matters as to which the surrogate was concluded by the decree of the surrogate's court, and the order and judgment of the county court of Fulton county; and therefore the appellant should not be charged with the expenses thereof, but should be allowed commissions, costs, and taxable disbursements of the accounting which has been had, and his costs of this appeal, payable out of the estate. The proceeding should therefore be remitted, and the court below directed to modify the decree entered therein, and in place of the matters with which the appellant is now charged, as guardian of the respondent, he should be charged with the amount decreed to be paid by the decree of the Fulton county surrogate's court:

| | |
|---|---:|
| May 14, 1894 | $1,360 27 |
| Rents of real estate received by James B. Austin, as follows: | |
|     December 1, 1892 | 175 00 |
|     December 1, 1893 | 150 00 |
|     December 1, 1894 | 100 00 |
| Received on sale of infant's real estate, and deposited in Johnstown Bank | 650 00 |
| (Together with accumulated interest thereon since January 1, 1895, in accordance with the rules of the bank relating to interest.) | |
| Also with the further sum received on said sale of | 15 00 |

—And credited with his disbursements as guardian not included in his accounting with Austin, and charged interest with annual rests, except as to said deposit in the Johnstown Bank, and allowed commissions as guardian. And, as so modified, that the decree be entered without further costs to either party. All concur, except WILLIAMS, J., who dissents.

WILLIAMS, J. I think there should be a reversal, and new trial ordered.